891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesus Maria OCHOA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-55264.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1989.*
Decided Dec. 4, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Maria Ochoa, the appellant, checked in at the Westin South Coast Plaza Hotel (the "Westin") under circumstances that led a hotel employee to conclude that Ochoa fit a drug-trafficker profile circulated by the police. The employee notified the police. The police followed Ochoa and arrested him after observing him remove two boxes from the trunk of a car and placing them in the trunk of a car in his possession. The boxes contained approximately twenty kilograms of cocaine.
 
 
 3
 Ochoa was indicted for possession of the cocaine with intent to distribute, in violation of 18 U.S.C. § 841(a)(1). At his first trial, Ochoa testified that he had never stayed at the Westin prior to this occasion. The government called a Westin employee as a witness. She testified that hotel records indicated Ochoa had previously stayed at the Westin. Defense counsel objected, on the basis that he had not been provided the hotel records. The testimony was allowed. In its closing argument, the government argued that Ochoa denied that he had previously stayed at the Westin in order not to reveal to the jury how often he travelled to Los Angeles. In rebuttal, the government then said that Ochoa "lied" about his stays at the Westin.
 
 
 4
 The jury convicted Ochoa. The district court granted a new trial because of juror misconduct.
 
 
 5
 Prior to his second trial, the government provided defense counsel with the hotel records identified by the Westin employee during the first trial. Ochoa did not take the stand in his second trial. He was again convicted.
 
 
 6
 It is not disputed that the Westin employee was mistaken when she concluded that the hotel records indicated Ochoa had previously stayed at the Westin. The records made it apparent that Ochoa had not stayed at the Westin before. Defense counsel apparently never examined the hotel records closely enough to discover the error. Ochoa argues that it was the government's duty to alert him of the significance of the hotel records under Brady v. Maryland, 373 U.S. 83 (1963). Ochoa maintains that failure to alert him of the witness' error resulted in him not taking the stand at his second trial, for fear his testimony would be impeached based on the hotel records.
 
 
 7
 Ochoa made this argument the basis of a direct appeal, a petition for certiorari from the appeal, a coram nobis motion, and an appeal from denial of the coram nobis motion. Ochoa lost the appeal and his petition for certiorari was denied. The appeal from the coram nobis motion was untimely. Ochoa again raises the same argument in this petition for relief under 28 U.S.C. 2255. The district court denied the petition. We affirm.
 
 DISCUSSION
 
 8
 The dispositive issue before us is whether the government had a duty to inform Ochoa of the significance of the hotel records. Under Brady, the prosecution must provide the defense with any evidence material to guilt or to punishment. Id. at 87. That requirement was satisfied here with respect to the only trial that validly convicted Ochoa, the second trial.
 
 
 9
 There is no requirement in Brady for the prosecution to explain the significance of such evidence. We refuse to impose such a duty on the prosecution in this case. The records were not difficult to decipher and the error was apparent from the face of the records. More importantly, the fact that Ochoa had not stayed at the Westin before was particularly within Ochoa's sphere of knowledge. We would expect Ochoa to carefully examine records purporting to reveal information he knew to be false, especially when he feared the records would be used to impeach his testimony.
 
 
 10
 Ochoa cannot blind himself from information provided under Brady to argue that his failure to appreciate the information affected his decision not to testify and entitles him to a new trial.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3